## GOODWIN *v.* THE UNION SCREW CO.

Where labor has been performed for a corporation with the knowledge of the directors and general managers, the corporation will be bound to pay a *quantum meruit*, in the absence of any express contract under which the labor was performed.

Where one has the actual charge and management of the business of a corporation, with the knowledge of the directors, the corporation will be bound by his contracts, made on account of the corporation in the course of the business thus conducted by him, without other evidence of actual authority from the corporation.

ASSUMPSIT.    The declaration contained two counts.    First, on an account annexed to the writ, for seventy-two and three fourths days' work, at nine shillings per day, commencing August 14, 1855, and ending November 18, 1855 ; and, second, a general count for work and labor.    Plea, the general issue.

Daniel M. Robinson, a witness for the plaintiff, testified that the defendant corporation was organized on the 13th day of August, 1855, and all the officers and directors chosen on that day : That Samuel Shepard and himself were chosen as directors, and that Shepard was president ; that the witness was engaged for the defendants from that time up to the middle of November, in manufacturing screws, and had the immediate oversight in the shop as master-mechanic : That Shepard was ordered by the directors, at a regular meeting, to take the general charge and management of the business for the defendants, and to act as their agent, although no vote was passed to that effect till some time in September : That Shepard followed the directions of the board from the beginning, and purchased stock and managed the affairs of the company as president and agent : That Shepard, after he had been ordered by the directors to take charge of the business, inquired of the witness what laborers were wanted, and he told him a machinist, and spoke of the plaintiff : That he afterwards saw the plaintiff and told him to come to the shop ; that he came and said he would work for one dollar and fifty cents a day ; that Shepard came in and said he was glad the plaintiff had come, that it was all right, and he directed the wit-

Goodwin *v.* The Union Screw Co.

ness to keep a memorandum of the time the plaintiff worked, which he did : That the plaintiff worked in the shop manufacturing screws for the defendants and on their machinery, seventy-two and three fourths days : That the plaintiff so worked with the knowledge of the directors of the company and by the directions of Shepard, who was in at the shop as often as three or four times a week. That the witness himself worked by the day.

Upon this testimony the plaintiff rested his case. The defendants thereupon moved for a nonsuit, which the court declined to grant. A verdict was then taken, by consent, for the plaintiff, which the defendants moved to set aside for the following reasons :

1. Because the testimony of Robinson showed that he was an incompetent witness; that he himself was liable to the plaintiff for the labor which he had performed, and was therefore interested to charge it upon the defendants.

2. There was no evidence that the directors had any authority to appoint an agent of the corporation, and the court cannot judicially take notice of the charter or by-laws of any private incorporated company.

3. There was no legal evidence that the company ever appointed any agent, or that any person had any authority to bind the company by his acts. And evidence that any individual acted as agent of the corporation was not competent to show that the corporation was liable for his contracts. It should appear that he was legally constituted an agent.

4. If there was any agent, it was Shepard, and he could not delegate his authority to Robinson, and Robinson's contracts could not bind the company.

*Morrison, Fitch & Stanley,* for the plaintiff.

*Foster & Ayer,* for the defendants.

PERLEY, C. J. An agent is a competent witness to prove his authority, and the due execution of it, and the objection to the

witness Robinson was properly overruled. *Moses* v. *The B. & M. Railroad*, 4 Foster 71.

The defendants were sued in this action by the corporate name of "The Union Screw Company," and answered to that name. The evidence showed that their business was the manufacture of screws, and it is not objected that they were not authorized by their charter to carry on that business. The business was conducted under the general management of Shepard, one of the directors, by order of the board of directors, and the witness Robinson, another director, had the immediate oversight of the shop as master-mechanic. Robinson negotiated the bargain with the plaintiff, but before he commenced work, the evidence, as we understand its import, shows that the terms of the bargain were communicated to Shepard, who approved of them, and so concluded the contract, under which the work was done by the plaintiff. Whether Robinson or Shepard, or both, are to be regarded as the acting agents of the corporation, the contract was made by both and each of them ; and where one has the actual charge and management of the general business of a corporation, with the knowledge of the members and directors, this is evidence of his authority, without showing any vote or other corporate act constituting him the agent of the corporation. Angell and Ames on Corp. 269 ; Story on Agency, sec. 52 ; *Bank* v. *Dandridge*, 12 Wheat. 83 ; *Despatch Line* v. *Bellamy Man. Co.*, 12 N. H. 205, 223.

Besides, the defendants would be liable in a *quantum meruit*, in the absence of any special bargain for services of the plaintiff, performed for them with the knowledge of the directors and general managers of the corporation, and he might recover a *quantum meruit* on the general counts of his declaration. Even if the special bargain made with the plaintiff was unauthorized and not binding on the defendants, they are still liable to pay him what his work was worth, and on that ground also the nonsuit was properly refused.

*Judgment on the verdict.*